## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HENRY V. SMITH, #253477,

                      Plaintiff,                Case Number: 20-cv-12578
                                                HON. SEAN F. COX

v.

UNITED STATES POSTAL
SERVICE,

                      Defendant.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Henry V. Smith is in the custody of the Michigan Department of Corrections.  He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff alleges that the defendant United States Postal Service (USPS) violated his rights under the Due Process Clause when it failed to deliver his petition for writ of habeas corpus and check for the $5.00 filing fee to this Court.  (*Id.* at PageID.6.)  For the reason that follow, the complaint will be dismissed.

### I.  Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief,"

as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The

purpose of this rule is to "give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P.

8(a)(2)).  While this notice pleading standard does not require "detailed" factual

allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion

of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me

accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has been granted leave to proceed without prepayment of the filing

fee for this action.  Under the Prison Litigation Reform Act ("PLRA"), the Court is

required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a

defendant if it determines that the action is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §

1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in

fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must

allege that: (1) he was deprived of a right, privilege, or immunity secured by the

federal Constitution or laws of the United States, and (2) the deprivation was

caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  The Complaint

Plaintiff states that USPS picked up a check and his habeas petition from the Gus Harrison Correctional Facility on January 16, 2002.  (ECF No. 1, PageID.6.) The package was addressed to this Court.  (*Id.*)  Plaintiff states that USPS failed to deliver the package.  (*Id.*)

Plaintiff seeks monetary damages for the loss of his legal pleadings and an additional "$50,000 a year for his actual claim of innocence."  (*Id.* at 8.)

## III.  Discussion

Plaintiff fails to state a claim against the USPS for the failure of mail delivery under § 1983.  The USPS is an agency of the United States Government. *United States v. Bedford*, 914 F.3d 422, 428 (6th Cir. 2019).  Neither the United States nor its various federal agencies can be sued under § 1983 because they do not act under color of state law.  *Franklin v. Henderson*, 15 F. App'x 205, 207 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983.").

Plaintiff also may not obtain relief under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  A *Bivens* action may not be brought against an agency of the United States.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

Finally, to the extent that Plaintiff raises a claim that he is innocent of the convictions under which he is incarcerated, this claim is not properly raised under § 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Under *Heck*, a prisoner asserting a civil rights action challenging his confinement must allege that the basis for that confinement has been invalidated, whether by direct appeal, collateral attack, or executive order.  *Id*. at 486-87.  Plaintiff's argument that he is innocent is not properly raised in this complaint because his convictions have not been declared invalid.

## IV.  Order

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § § 1915(e)(2)(B).

IT IS FURTHER ORDERED, that if Plaintiff elects to appeal this decision,

he may not proceed without prepayment of the fees and costs on appeal because an

appeal would be frivolous and could not be taken in good faith.  28 U.S.C. §

1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.


 s/Sean F. Cox                              
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2020